# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TOMAS RODRIGUEZ,

    Plaintiff,

v.                                       Case No. 09-C-90

WILLIAM J. POLLARD,
RICHARD HEIDORN, MD,
JEANANNE GREENWOOD,
MICHAEL BAENEN,
and MR. KULIEKE,

    Defendants.

## DECISION AND ORDER

       The plaintiff, who is incarcerated at Green Bay Correctional Institution, filed a pro se civil rights complaint under 42 U.S.C. § 1983, alleging violations of his civil rights. On April 15, 2009, the court granted the plaintiff's petition for leave to proceed in forma pauperis, but noted that none of the defendants identified in the caption was even mentioned in the body of the complaint. Accordingly, the court ordered the plaintiff to "file an amended complaint that indicates the personal involvement of each defendant." (Court's Order of April 15, 2009, at 4). The court directed the plaintiff to "identify the individual defendants and state how their actions, or failure to take action, violated his constitutional rights." Id.

       The plaintiff filed a document labeled "Amended Complaint" on May 19, 2009. (Docket # 7). This complaint contains three names in the caption: Warden William J. Pollard, Michael Baenen, and Mr. Kulieke. The plaintiff alleges that Warden Pollard

permits the inmates to purchase televisions and radios only from four designated and overpriced companies. Id. at 8. However, there is no constitutional right to purchase items from vendors or a commissary at a particular price. See Tokar v. Armontrout, 97 F.3d 1078, 1083 (8th Cir. 1996) ("we know of no constitutional right of access to a prison gift or snack shop."); French v. Butterworth, 614 F.2d 23, 25 (1st Cir. 1980) ("there is simply no legal basis for a demand that inmates be offered items for purchase at or near cost"); Brown v. Gulash, 2009 WL 2144592 *5 (S.D. Ill. July 16, 2009) ("With regard to commissary prices, Plaintiff has no federal constitutional right to purchase items (food or non-food) from a commissary at all.").

The plaintiff further alleges that his rights were violated by 1) assigning him a hostile cell mate who injured him; 2) failing to provide him with appropriate medical care; 3) denying him adequate access to legal materials; and 4) mishandling his legal mail. The plaintiff suggests that some of these violations occurred in part because he does not speak English and the prison does not assist Spanish-speaking inmates. See Docket # 7 at 1-10. However, the plaintiff does not indicate which defendants were involved in each alleged violation.

The only prison officials, other than Warden Pollard, who are mentioned in the body of this complaint are unnamed "Institution Nurses," who allegedly prevented the plaintiff from seeing a doctor, and Lt. Shultz and Sgt. McLaughling, to whom the plaintiff complained about a cell mate who later injured the plaintiff's eye. See Id. at 1,6. Neither the nurses nor either of these correctional officers are named as defendants. Thus, the plaintiff failed to comply with the court's order that he explain what each defendant did that violated his federal rights. This amended complaint therefore fails to state a claim. See

- 2 -

Brooks v. Ross, 578 F.3d 574, 580 (7th Cir. 2009) (Section 1983 complaint must "adequately connect specific defendants to illegal acts.").

The plaintiff also filed another document on July 13, 2009, containing additional allegations, including improperly returned letters; inadequate and discriminatory medical care; lack of bilingual personnel at the prison library; tampering with legal documents; damaged typewriter and television; and age discrimination in rejecting him from a prison job. See Docket # 9 at 1-7. Like both the original complaint and the amended complaint, this filing again fails to clearly connect specific defendants to each alleged violation.

In addition to failing to connect specific defendants to specific illegal acts, the plaintiff's filings also improperly incorporate unrelated claims against different defendants. Under Federal Rule of Civil Procedure 18(a), "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from bypassing the fee payment or three strikes provisions in the Prison Litigation Reform Act. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." George, 507 F.3d at 607. Moreover, the court in George noted that Fed. Rule Civ. P. 20 applies as much to prisoner cases as it does to any other case. Id. Rule 20 provides that joinder of multiple defendants in one action is proper only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action."

The court will give the plaintiff one final opportunity to file a proper amended complaint in this case. This amended complaint must:

(1) Be clearly labeled, "Second Amended Complaint";

(2) Clearly identify each defendant named in the caption;

(3) Explain what each defendant did that allegedly violated the plaintiff's federal rights;

(4) Contain only claims that are properly related under Rule 18 and Rule 20;

(5) Be complete in itself, without reference to any other filing; and

(6) Be filed on or before **December 1, 2009.**

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff may file a second amended complaint on or before **December 1, 2009**, to cure the defects described herein.

**IT IS FURTHER ORDERED** that if the plaintiff does not file an amended complaint by **December 1, 2009**, this action will be dismissed, without prejudice, for failure to prosecute.

**IT IS FURTHER ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Dated at Milwaukee, Wisconsin this 2nd day of November, 2009.

BY THE COURT:

s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge