# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TOMAS RODRIGUEZ,

    Plaintiff,

v.                                                                                                    Case No. 09-C-90

Warden WILLIAM J. POLLARD,
RICHARD HEIDORN, MD,
HSU Director JEANANNE GREENWOOD,
Deputy Warden MICHAEL BAENEN,
and Library Director MR. KULIEKE,

    Defendants.

## DECISION AND ORDER

The plaintiff, who is incarcerated at the Green Bay Correctional Institution, filed a pro se civil rights complaint under 42 U.S.C. § 1983, alleging violations of his civil rights. The court granted the plaintiff's petition to proceed in forma pauperis, but ordered the plaintiff to "file an amended complaint that indicates the personal involvement of each defendant." (Court's Order of April 15, 2009, at 4). The plaintiff's May 19, 2009 amended complaint also failed to state a cognizable claim as it still failed to connect specific defendants to specific illegal acts, and also improperly included unrelated claims against different defendants. Accordingly, the court permitted the plaintiff one final opportunity to file an amended complaint on or before December 1, 2009. (Court's Order of November 2, 2009, at 3). The plaintiff filed a new amended complaint on December 4, 2009.[1]

---

[1] This amended complaint was signed and dated on December 1, 2009, making it timely under the "mailbox rule" recognized in Edwards v. United States, 266 F.3d 756, 758 (7th Cir. 2001), whereby papers filed by a prisoner are deemed filed on the date they are given to prison authorities

(Docket # 13). The plaintiff consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73 (E.D. Wis.) on October 4, 2010.

The plaintiff's second amended complaint is lengthy, and not clearly worded, but he first seems to allege that he is "suffering pain in [his] heart" because unspecified medical staff have prescribed medication that does "not help" him, and that he is experiencing difficulty seeing because his glasses "have the wrong prescription are [sic] something else is wrong." (Amended Complaint at 3). The plaintiff suggests that these problems are caused because "Jean Nurse, continues negligent her duties and underminding [sic] the doctor prescriptions which he ordered." Id. However, this individual is not named as a defendant, and the plaintiff fails to explain how either of the named medical defendants, Health Services Unit (HSU) Director Jeanne Greenwood or Dr. Richard Heidorn, has shown deliberate indifference to his serious medical needs. As a consequence, the plaintiff fails to state a claim with regard to his medical care. See McGowan v. Hulick, 612 F.3d 636, 640 (7th Cir. 2010) ("[N]egligence, even gross negligence, does not violate the Constitution. Only deliberate indifference or worse in the face of a serious medical need will do.").

Next, the plaintiff alleges that the prison's practice of having Social Worker David Cook act as the interpreter for complaints filed by Spanish-speaking inmates violates Department of Corrections (DOC) policy and state law because this "is beyond the scope

---

for mailing. The plaintiff later filed yet another "Proposed Second Amended Complaint" on February 24, 2010, but this filing was untimely, and complains largely of the handling of his legal loan by an individual, Mr. Lemery, who is not a defendant in this case. Accordingly, all references in this decision to the "Amended Complaint" refer to the document filed on December 4, 2009.

of their [sic] employment and qualifications" and because Mr. Cook could translate a complaint that was filed against himself. (Amended Complaint # 13 at 11). However, this fails to state a claim, as "a violation of state law is not a ground for a federal civil rights suit." Guajardo-Palma v. Martinson, 622 F.3d 801, 806 (7th Cir. 2010). Furthermore, although the plaintiff also contends that using Mr. Cook to interpret for Spanish-speakers violates his federal equal protection rights, he fails to explain specifically how he has been injured by this policy, other than asserting that Mr. Cook "hindered the procedure system" by refusing to translate for him on unspecified occasions. (Amended Complaint at 27). See Bridges v. Gilbert, 557 F.3d 541, 555 (7th Cir. 2009) ("Section 1983 is a tort statute, so Bridges must have suffered a harm to have a cognizable claim."). Furthermore, Mr. Cook is not a defendant in this case, and the plaintiff does not allege that any of the named defendants caused or approved Mr. Cook's refusal to translate. Accordingly, the plaintiff fails to state an equal protection claim. See Brooks v. Ross, 578 F.3d 574, 580 (7th Cir. 2009) (Section 1983 complaint must "adequately connect specific defendants to illegal acts.").

The plaintiff further alleges that his access to the law library was restricted, that the prison librarian refused to make copies for him and limited the materials that he could check out from the library, and that the library does not have bilingual staff. (Amended Complaint at 14-19). These allegations fail to state an access to the courts claim as the plaintiff does not fully identify the lawsuits that were affected or explain the actual injury that he suffered. A prisoner's right to access the courts is infringed "only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement." Marshall v. Knight, 445 F.3d 965, 968 (7th Cir.

2006). The complaint must connect the alleged denial of access to the courts and "an actual injury in the form of interference with a nonfrivolous legal claim." Bridges, 557 F.3d at 553 (internal quotation omitted); see also Ortiz v. Downey, 561 F.3d 664, 671 (7th Cir. 2009) (plaintiff's access-to-courts complaint must allege "actual injury"). The plaintiff seems to suggest that this or other lawsuits may have been delayed by the restrictions placed upon his legal work, but "a delay becomes an injury only if it results in 'actual substantial prejudice to specific litigation.'" Johnson v. Barczak, 338 F.3d 771, 773 (7th Cir. 2003) (quoting Gentry v. Duckworth, 65 F.3d 555, 559 [7th Cir. 1995]). Therefore, the plaintiff's complaint fails to state a claim and will be dismissed.

## **ORDER**

**NOW, THEREFORE, IT IS ORDERED** that this action be and hereby is **dismissed** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin this 16th day of December, 2010.

BY THE COURT:
s/Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge