# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TOMAS RODRIGUEZ,

    Plaintiff,

    v.                                      Case No. 09-C-90

Warden WILLIAM J. POLLARD,
RICHARD HEIDORN, MD,
HSU Director JEANANNE GREENWOOD,
Deputy Warden MICHAEL BAENEN,
and Library Director MR. KULIEKE,

    Defendants.

## DECISION AND ORDER

The plaintiff, a Wisconsin state prisoner, filed a pro se civil rights complaint under 42 U.S.C. § 1983. On April 15, 2009, the court granted the plaintiff's petition to proceed in forma pauperis, but required him to file an amended complaint, as the original complaint failed to state a claim. On November 2, 2009, the court found that the plaintiff's amended complaint also failed to state a claim, and granted him an opportunity to file a second amended complaint. The plaintiff consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73 (E.D. Wis.) on October 4, 2010. Subsequently, the court found that the plaintiff's second amended complaint still failed to state a cognizable claim, and dismissed this action on December 16, 2010. Judgment was entered on December 17, 2010.

Now before the court is the plaintiff's 26-page, hand-written filing of February 3, 2011, which raises various objections to the court's handling of this case. In this filing,

docketed as a motion for reconsideration, the plaintiff makes three principal arguments: he contends that the court should have appointed counsel to represent him; he attempts to reargue the merits of his complaints; and he indicates that he wishes to have a district judge review the decision made by the magistrate judge.

With regard to the plaintiff's request that the court's decision be reviewed by a district judge, such review does not apply here, as the plaintiff consented to have the magistrate judge conduct all proceedings in the case and to order the entry of final judgment. (Consent to Proceed before a U.S. Magistrate Judge, Doc. # 20). Nor did the plaintiff meet the standard for the court to recruit counsel for him. Indigent civil litigants have no absolute constitutional or statutory right to be represented by counsel in federal court. Pruitt v. Mote, 503 F.3d 647, 649 (7th Cir. 2007). While the court is authorized to request an attorney to represent an indigent civil litigant pursuant to 28 U.S.C. § 1915(e)(1), the threshold inquiry is whether the plaintiff has made a reasonable, but unsuccessful, effort to retain counsel on his own. Id. at 654-55. If so, the court then considers the question of "whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty." Id. at 655. The plaintiff did not document efforts of his own to find an attorney, nor did he present any cognizable claim that survived the court's required screening pursuant to 28 U.S.C. § 1915A(a). Under these circumstances, the court appropriately did not recruit counsel for the plaintiff.

Finally, the plaintiff seeks to reargue the merits of his claims. Vacating a judgment under Federal Rule of Civil Procedure 60(b) is permissible for several reasons including mistake, excusable neglect, newly discovered evidence, and fraud. See Fed. R. Civ. P. 60(b). "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional

circumstances." Harrington v. City of Chicago, 433 F.3d 542, 546 (7th Cir. 2006) (quoting Karraker v. Rent-A-Center, Inc., 411 F.3d 831, 837 (7th Cir. 2005)). The plaintiff was given ample time to file a proper complaint in this case. Despite the court's orders, and filing three different complaints, he failed to file a complaint that stated a cognizable claim. In his most recent filing, the plaintiff does not identify newly discovered evidence that could not have been presented earlier, and the court does not find exceptional circumstances here that would justify reopening this case.

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's motion for reconsideration (Doc. # 24) is **DENIED**.

Dated at Milwaukee, Wisconsin this 17th day of March, 2011.

BY THE COURT:

s/Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge